IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE A. JONES,<br><br>  Plaintiff,<br><br>vs.<br><br>HOME FEDERAL BANK and HOME FEDERAL BANCORP, INC., a Maryland Corporation,<br><br>  Defendants. | Case No. CV09-336-CWD<br><br>MEMORANDUM DECISION AND ORDER |

Currently pending before the Court are Defendant Home Federal Bancorp, Inc.'s Motion to Dismiss (Docket No. 4); Defendants' Motion to Strike Jury Demand and Certain Prayers for Relief (Docket No. 8); Plaintiff's Motion to Strike the Affidavit of Merrily Munther (Docket No. 29); Plaintiff's Motion to Strike the Affidavit of Len Williams (Docket No. 31); Defendant Home Federal Bancorp, Inc.'s Motion for Enlargement of Time (Docket No. 32); and Plaintiff's Motion to Strike Portion of Memorandum in Support of Motion for Enlargement of Time and in Opposition to Motion to Strike (Docket No. 34).

# I.
# Introduction

Plaintiff Leslie Jones was hired by Home Federal Bank as a Compliance Officer. She was terminated from her employment on November 1, 2007, after working for Home Federal

Bank for ten weeks. Plaintiff alleges that Home Federal Bank terminated her employment because she had objected to, opposed and provided information to executive officers of Home Federal Bank about conduct she reasonably believed constituted violations of rules and regulations of the U.S. Securities and Exchange Commission and other provisions of federal and state law relating to fraud against shareholders. More specifically, Plaintiff claims the termination of her employment constituted retaliation in violation of the whistleblower provision of the Sarbanes-Oxley Act of 2002 ("SOX") and in violation of Idaho's public policy exception to the employment at will rule.

Following the termination of her employment, Plaintiff filed an administrative complaint with the U.S. Department of Labor, Occupational Health and Safety Administration ("OSHA") on January 30, 2008, alleging a right to relief under SOX. (Docket No. 1). On July 7, 2009, Plaintiff filed the current lawsuit alleging violations of SOX and Idaho law.

Defendant Home Federal Bancorp, Inc., filed a Motion to Dismiss Home Federal Bancorp, Inc. (Docket No. 4) on July 29, 2009. On August 4, 2009, Defendants Home Federal Bank and Home Federal Bancorp, Inc., filed a Motion to Strike Jury Demand and Certain Prayers for Relief in the Complaint (Docket No. 8). These motions were fully briefed and the Court heard oral argument on the motions on October 13, 2009. (Docket No. 27).

After the hearing, Defendant filed an Affidavit of Merrily Munther in Support of the Motion (Docket No. 28); Plaintiff filed a Motion to Strike the Affidavit (Docket No. 29); Defendant filed the Affidavit of Len Williams (Docket No. 30); Plaintiff filed a Motion to Strike the Affidavit of Len Williams (Docket No. 31); Defendant filed a Motion for Enlargement of Time to file the Affidavit (Docket No. 32) and a Memorandum in Opposition to Plaintiff's

Motion to Strike (Docket No. 33 ); and, finally, Plaintiff filed another Motion to Strike portions of the Memorandum in Opposition (Docket No. 34) on October 25, 2009.  All of these later motions are fully briefed.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument on the motions filed after October 13, 2009, all of the pending matters will be decided on the record without further oral argument.   The Court will first address the motions to strike the affidavits and the motion for enlargement of time.

## II.
## Discussion

**A.     Plaintiff's Motions to Strike Affidavits and Defendant Home Federal Bancorp, Inc.'s Motion for Enlargement of Time**

Defendants filed an Affidavit of Merrily Munther ("Munther Affidavit") on October 14, 2009, after the Court heard oral argument on its Motion to Dismiss.  The Munther Affidavit included a letter sent to Mr. Len Williams and forwarded to Ms. Munther from OSHA, as well as a Designation of Representative Form sent from OSHA to Mr. Williams. (Munther Affidavit Exh. A, B, Docket No. 28). Plaintiff filed objections to the Munther Affidavit on the grounds that it was untimely and that the exhibits provided with the Munther Affidavit were not properly authenticated.  In response to the authenticity concern, Defendant Home Federal Bancorp, Inc., filed an Affidavit of Len Williams ("Len Williams Affidavit") attaching the same exhibits as attached to the Munther Affidavit and stating that Mr. Williams forwarded the letter to counsel after he received it from OSHA.  In response, Plaintiff filed a Motion to Strike the Williams Affidavit for the same reasons identified in her earlier Motion to Strike regarding the Munther Affidavit.  Defendant Home Federal Bancorp, Inc., next filed a Motion for Enlargement of Time

MEMORANDUM DECISION AND ORDER - 3

under Fed. R. Civ. P. 6(b)(1)(A). As a result, Plaintiff filed a Motion to Strike Portions of the Memorandum in Support of Motion for Enlargement of Time and in Opposition to Motion to Strike, but filed no further objection to the Motion for Enlargement of Time.

Fed. R. Evid. 901(a) states that a document is properly authenticated if there is evidence sufficient to support a finding that the matter in question is what its proponent claims it is. Plaintiff objected to the inclusion of the exhibits to the Munther Affidavit on authenticity grounds, arguing that Rule 901(a) requires more than stating that the document is one a client sent to counsel. In response, the Williams Affidavit was filed, further identifying the letter addressed to him from OSHA which he indicates he forwarded to counsel for Home Federal Bank. Thus, the Court finds the Williams Affidavit addressed Plaintiff's authenticity concerns and neither the Munther Affidavit nor the Williams Affidavit will be stricken on authenticity grounds.

Next, Plaintiff argues that both affidavits should be stricken from the record as untimely filed. Defendant Home Federal Bancorp, Inc., responds that, although the Affidavits would have been more appropriately filed prior to the hearing, the tardy filing was the result of a miscommunication within the law office of its counsel and should be excused. (Memo in Support of Motion for Enlargement, Docket No. 33). Fed. R. Civ. P. 6(b) requires a showing of "excusable neglect" to allow the late filing of documents. Excusable neglect is a somewhat elastic concept and is not strictly limited to omissions caused by circumstances beyond the control of the movant; instead it may include delays caused by inadvertence, mistake or carelessness, at least when the delay is not too long, there is no bad faith, no prejudice, and the movant's excuse has some merit. *Lee v. ITT Standard*, 268 F.Supp.2d 315 (W.D.N.Y. 2002)

(citing *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir. 1995) (internal citations omitted)); *see also Pioneer Inv. Serv. Co v. Brunswich Assocs. L.P.* 507 U.S. 380, 392, 394-95 (1993).

Plaintiff did not respond to Defendant Home Federal Bancorp, Inc.'s argument that the late filing of the affidavits should be allowed based on excusable neglect. The Court finds there is no prejudice to the Plaintiff in allowing the affidavits, which were filed only a few days after oral argument on the Motion to Dismiss, and the Motion for Enlargement of Time will be granted.

Finally, Plaintiff has moved to strike portions of the memorandum filed by Defendant Home Federal Bancorp, Inc., in support of its motion for enlargement of time and in opposition to Plaintiff's motions to strike the affidavit, arguing that the memorandum readdresses the merits of Defendant Home Federal Bancorp, Inc.'s Motion to Dismiss. The Court has not considered any additional arguments regarding the motion to dismiss that may be included in the memorandum, and, therefore, Plaintiff's last Motion to Strike (Docket No. 34) will be denied as moot.

**B.     Motion to Dismiss Home Federal Bancorp, Inc.**

The Motion to Dismiss Home Federal Bancorp, Inc., filed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), is supported by the argument that Plaintiff failed to include Home Federal Bancorp, Inc., in the administrative complaint she filed with the U.S. Department of Labor, Occupational Health and Safety Administration ("OSHA"). Such a filing is a prerequisite to suit in United States District Court under SOX. Plaintiff responds that, because Home Federal Bancorp, Inc., was named and identified as the parent corporation of Defendant Home Federal

Bank in her letter to OSHA, it was named in the complaint filed with OSHA. Further, Plaintiff argues that, even if Home Federal Bancorp, Inc., was not properly named in her administrative complaint, Plaintiff may add the parent corporation under the circumstances of this case and the addition would relate back to the time of the original administrative filing, thus avoiding the ninety (90) day time limit under SOX.[1]

SOX requires a person seeking relief under the Act to file a complaint with OSHA prior to filing in federal court. *Bozeman v. Per-SE Technologies, Inc*. 456 F.Supp.2d 1282, 1356 (N.D. Ga. 2006). The administrative complaint must be filed no later than ninety (90) days after the date on which the violation occurs. 18 U.S.C.§ 1514A(b)(2)(D). No particular complaint form is required, except that it must be written and should include a full statement of the acts or omissions, with pertinent dates, that allegedly constitute the violations. 29 C.F.R. § 1980.103(b). If OSHA has not issued a final decision within one hundred and eighty (180) days of the filing of the administrative complaint and there is no showing that the delay is due to the bad faith of the claimant, the claimant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which has jurisdiction over the action without regard to the amount in controversy. 18 U.S.C. § 1514A (b)(1). The district court has jurisdiction to conduct de novo review of only those SOX whistleblower claims that have been administratively exhausted. *McClendon v. Hewlett-Packard Co.,* 2005 WL 2847224 at 2-4 (D. Idaho Oct 27, 2005).

---

[1] As the Court finds that Home Federal Bancorp, Inc., was sufficiently identified in Plaintiff's letter to OSHA, the Court need not address this alternate argument.

The administrative regulations indicate the necessity of listing as defendants the particular "named persons" who are alleged to have violated the Act. 29 C.F.R. § 1980.101.[2] Courts have reasoned that the specific naming of defendants in the heading of the administrative complaint is necessary in order to put OSHA on notice that it is required to investigate the actions of the named defendants, giving OSHA the opportunity to issue a final decision within 180 days of the filing of the administrative complaint. *Bozeman*, 456 F.Supp.2d at 1358 *citing Hanna v. WCI Communities, Inc.* 2004 U.S. Dist. LEXIS 25652 (S.D. Fla. Nov. 15, 2004). The inclusion of a party as an actor in the body of the complaint, rather than identification in the heading of the administrative complaint, has been found insufficient. *Bozeman v. Per-Se Technologies, Inc.*, 456 F.Supp.2d 1282, 1358 (N.D. Ga. 2006).

Here, Plaintiff's OSHA complaint identifies her employer as Home Federal Bank. Home Federal Bank is further identified with an asterisk and note to the heading of the complaint as the wholly owned subsidiary of Home Federal Bancorp, Inc.:

> ...which publicly trades common stock on the NASDAQ Global Market under the symbol 'HOME'. The CIK number for Bancorp is 0001413440 (previously 0001283858). Home Federal is regulated by the Office of Thrift Supervision ("OTS") and is subject to state and federal law, including the Securities and Exchange Act of 1934 and SOX (see page 137 of the 2007 Prospectus. (Docket No. 5-2).

Plaintiff argues that this identification of Defendant Home Federal Bancorp, Inc., in the explanatory note was sufficient under the informal complaint requirements. The Court agrees.

---

[2] Named person means the employer and/or the company or company representative named in the complaint who is alleged to have violated the Act. Further, company representative means any officer, employee, contractor, subcontractor, or agent of a company.

Plaintiff's identification of Home Federal Bancorp, Inc., in the explanatory note associated with the asterisk brings the identification within the portion of the OSHA complaint identifying Plaintiff's employer.  This conclusion is supported by other information contained within the heading of her administrative complaint,  including the listings of the phone number and the address which belong to both Home Federal Bank and Home Federal Bancorp, Inc., as identified in the 2007 Prospectus.  (Dan Williams Aff. Exh B, Docket No. 17-2).  Further, Home Federal Bancorp, Inc., received notice of the administrative action and its potential liability from the letter sent from OSHA to Len Williams notifying him of the complaint and providing him a copy of the complaint. (Len Williams Aff. Exh. A, Docket No. 30-1; Dan Williams Aff. Exh C, Docket No. 17-4).  Based on the foregoing, the Court finds that Plaintiff satisfied the informal pleading requirements with respect to naming Defendant Home Federal Bancorp, Inc., in her administrative complaint.

Defendant Home Federal Bancorp, Inc., references the notification letter sent to Len Williams to prove that OSHA investigated only Home Federal Bank's actions and, therefore, the purpose of administrative exhaustion, to give OSHA the opportunity to administratively resolve claims, was not met. (Len Williams Aff. Exh. A, Docket No. 30-1).  The Court disagrees and instead finds the notification letter, by itself, to be inconclusive as to the existence or extent of OSHA's investigation of Home Federal Bancorp, Inc.'s involvement separate from that of Home Federal Bank's actions, particularly in light of the extent to which the management of both companies is intertwined.

The Court's conclusion is supported further by the Complaint, which contains allegations that may make Home Federal Bancorp, Inc., a proper defendant under SOX. (Docket No. 1).

Publicly traded parent corporations may be liable under SOX if an agency relationship exists and the publicly traded parent corporation exercises control over the employment decisions of the non-publicly traded subsidiary. *Klopfenstein v. PCC Flow Technologies Holdings, Inc.*, ARB Case No. 04-149 at 14 (ARB May 31, 2006). Here, Plaintiff specifically alleges in her Complaint that Home Federal Bancorp, Inc., controls employment and other decisions of Home Federal Bank and that the management of each company is sufficiently interrelated to the other to constitute one entity. This is supported further by the Prospectus which indicates that Home Federal Bancorp, Inc.'s "primary business consists of directing, planning and coordinating the business activities of Home Federal Bank." (Dan Williams Aff. Exh. B, Docket No. 17-3).

Based on the foregoing, the Motion to Dismiss filed by Home Federal Bancorp, Inc., will be denied.

**C.     Defendants' Motion to Strike Jury Demand and Certain Damages Claims**

Defendants Home Federal Bank and Home Federal Bancorp, Inc., ("Defendants") also filed a Motion to Strike Jury Demand and certain damages claims pursuant to Fed. R. Civ. P. 12(f).

**1. Damages Claims**

Sarbanes-Oxley provides for the following remedies:

> (1) In General - An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.
> (2) Compensatory Damages - Relief for any action under paragraph (1) shall include -
> > (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;
> > (B) the amount of back pay, with interest; and
> > (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorneys fees.

18 U.S.C. § 1514(c).

Defendants are seeking to strike Plaintiff's claim for punitive damages, special damages, damages for injury to reputation, any other special and general damages, and for an order enjoining Defendants from willfully violating the rights of employees who engage in protected activity. Defendants argue that damages not specifically provided for under SOX should be stricken by the Court under the statutory interpretation principle of *esjudem generis* which, when applied in the instant case, would allow Plaintiff to recover only pecuniary damages.

Further, Defendants contend awarding all the damage categories claimed by Plaintiff in her Complaint would not be consistent with SOX's primary purpose of restitution. *Schmidt v. Levi Strauss, Co.*, 621 F.Supp.2d 796 (N.D.Ca. 2008). Plaintiff argues a broader approach is necessary, as the statutory language in SOX is intended to make plaintiff whole.

With respect to punitive damages, Plaintiff concedes that punitive damages are not allowed under SOX. (Memo in Opp p. 2, Docket No. 18). This is consistent with case law finding that punitive damages are not available under the whistleblower provisions in SOX because they are not "compensatory." *Hanna v. WCI Communities, Inc*. 348 F.Supp.2d 1332 (S.D.Fla 2004); *Murray v. TXU Corp*. 2005 WL 1356444 (N.D. Tex. June 7, 2005). Thus, this portion of the motion to strike will be granted.

There is limited jurisprudence and none presently from the Ninth Circuit on whether damages for reputational injury are recoverable under SOX. At least one district court has held that damages for reputational injury that diminished plaintiff's future earning capacity were necessary to make a plaintiff whole. *Hanna*, 348 F.Supp.2d at 1334. However, the majority of courts that have addressed this issue have held that, because reputational damages are not

specifically enumerated in SOX and such damages are non-pecuniary, reputational damages are akin to damages for emotional distress and are not recoverable under SOX. *See Walton v. Nova Information Systems,* 514 F.Supp.2d 1031 (E.D. Tenn. 2007); *Murray v. TXU Corp.*, 2005 WL 1356444 (N.D. Tex. 2005).[3]

The Court agrees with the majority of courts that general non-pecuniary damages for reputational injury would be akin to damages for emotional distress and allowance for such damages would expand the scope of remedies articulated in and intended by SOX. However, the Court finds the *Hanna* court's more specific definition of reputational injury for which damages would be pecuniary in nature plausible, in that allowing a plaintiff to claim damages for a reputational injury that caused a decrease in the plaintiff's future earning capacity could be consistent with SOX's goal of making the plaintiff whole. Further, this more specific type of damages is similar to other damages included in the statute that seek to "restore the status quo and order the return of that which rightfully belongs to the [plaintiff]." *Schmidt*, 621 F.2d at 803 (*citing Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946)).

The court in *Schmidt* described the damages listed in SOX as restitutionary in nature, because they represent items that plaintiffs would be out of pocket due to the alleged retaliatory discharge - not discretionary monetary relief. *Id.* A decrease in future earning capacity, if proven, also could fit into this category. Further, the Court notes that damages for a decrease in future earning capacity are similar to damages for front pay which have been awarded by

---

[3] See also *Hemphill v. Celanese Corp.*, 2009 WL 2949759 (N.D. Tex. 2009). In *Hemphill*, the court cited *Schmidt v. Levi Strauss & Co. f*or the proposition that the list of damages in 1514 does not include any damages that are not restitutional in nature, therefore excluding punitive damages, future earnings, or damages for mental anguish or emotional distress. *Id.* (citing *Schmidt v. Levi Strauss*, 621 F.Supp.2d 796 (N.D. Ca. 2008)).
MEMORANDUM DECISION AND ORDER - 11

administrative law judges in SOX suits and the availability of which are not contested by Defendants in their motion to strike. *See Kalkunte v. DVI Financial Services, Inc.*, 2004-SOX-56 (ALJ Feb. 2, 2005); *Hagman v. Washington Mutual Bank, Inc.*, 2005 -SOX -73 (ALJ Dec. 19, 2006).

Due to the procedural status of the case before the Court, it is unclear what type of damages the Plaintiff is claiming in her Complaint for "injury to reputation." (Complaint p.8, Docket No. 1). More specifically, it is not clear to the Court at this point whether Plaintiff is claiming pecuniary or non-pecuniary damages for the alleged injury to her reputation. Therefore, the Court will deny the motion to strike the request for reputational damages without prejudice to Defendants raising the issue at a later date.

With respect to "other special" damages, Defendants also argue that Plaintiff failed to specifically state them as required under Fed. R. Civ. P. 9(g). The purpose of Rule 9(g) is to prevent unfair surprise on the part of the defendant and to give adequate notice of unusual claims for damages. *Walton*, 514 F.Supp.2d at 1304. In *Walton*, the Eastern District of Tennessee found that simply claiming special damages without more is not sufficient to meet the pleading requirements under Rule 9(g). *Id.* Here, as in *Walton*, Plaintiff does not specifically identify any special damages being claimed and, therefore, the Court finds Plaintiff has not met the pleading requirement and the request for "other special" damages will be stricken.

Finally, Defendants argue that Plaintiff's request for an order enjoining Defendants from willfully violating the rights of employees should be stricken, as such an order would be to the benefit of individuals who are not parties to this action. Furthermore, Defendants argue that such an order would not make the Plaintiff whole as intended by the remedies articulated in

SOX. Plaintiff failed to respond to this argument, but the Court nonetheless finds Defendants' position persuasive. The Court will strike the request for an order enjoining defendants from willfully violating the rights of other employees contained in paragraph 4 of the prayer to Plaintiff's Complaint. (Complaint p.8, Docket No. 1).

### 2. Jury Trial

Fed. R. Civ. P. 39 provides in relevant part: "when trial by jury has been demanded as provided in Rule 38...,the trial of all issues so demanded shall be by jury, unless...the court upon motion ... finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

As with the reputational damages issue, there is little jurisprudence (including no Ninth Circuit decisions) regarding whether plaintiffs are entitled to a jury trial on whistleblower claims filed under SOX. Here, both parties agree there is no express right to a jury trial included in the statute. Further, the majority of cases that have decided the issue have held that no right to a jury trial exists.

In *Schmidt*, the Northern District of California, in concluding that no right to a jury trial exists, offered the following analysis of previous decisions on the issue:

> Two district courts have analyzed the issue of the right to a jury and have concluded that there is no such right. *Walton v. Nova Information Systems*, 514 F.Supp.2d 1031 (E.D. Tenn. 2007) and *Murray v. TXU*, 2005 WL 1356444 (N.D. Texas 2005). Two other district courts have denied without prejudice motions to strike jury demands because of the uncertainty in the law. Those cases are *Fraser v. Fiduciary Trust Co. Int'l*, 417 F.Supp.2d 310, 325 (S.D.N.Y. 2006) and *Hanna v. WCI Communities, Inc*., 348 F.Supp.2d 1332, 1334 (S.D. Fla. 2004). They left open the possibility of later striking the jury demands.

621 F.Supp.2d at 799. After determining that no right to a jury trial is provided by the plain language of the statute, the *Schmidt* court thoroughly analyzed the right to a jury trial under the

Seventh Amendment test. The test requires two steps: first, to "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity;" and second, "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 801 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)). Where the remedy is equitable a jury trial is unavailable. *Alvarado v. Cajun Operating Co.*, 2009 WL 4724267 (9th Cir. Dec. 11, 2009). If these two factors weigh in favor of finding an entitlement to a jury trial, the court considers whether Congress has assigned adjudication of the statutory claim to "a non-Article III adjudicative body that does not use a jury as factfinder." [4] *Schmidt*, 621 F.Supp.2d at 801 (citing *Granfinanciera*, 492 U.S. at 42).

In analyzing the test, the *Schmidt* court determined that, although a SOX claim is analogous to one that could be brought in a court of law, the nature of the remedy is restitutionary and equitable, and because the second step of the test is more important than the first, a jury trial is not available. *Id.* at 806. Further, the court found that, independently of the two factors weighing against the right to a jury for SOX claims, no right to a jury trial exists because Congress expressly assigned the right to adjudicate a SOX claim to the Secretary of Labor, a non-Article III tribunal. *Id.* (citing 28 U.S.C. § 1514A(b)(2)(A)).

The Court finds the court's logic in *Schmidt* persuasive. Therefore, the Court will strike the jury demand with respect to Plaintiff's whistleblower claim under SOX, but without prejudice to Plaintiff renewing her demand for jury trial if later legal authority supports such a demand. Further, the Court would consider a request for an advisory jury on this claim, if

---

[4] In *Alvarado*, the Ninth Circuit held that no jury trial existed for retaliation claims under the ADA because such claims are redressable only by the equitable relief specified in 42 U.S.C. § 2000e-5(1). *Alvarado v. Cajun Operating Co.*, 2009 WL 4724267 (9th Cir. 2009).

Plaintiff's pendent state law claim, upon which Plaintiff has also requested a trial by jury, proceeds to trial.

**ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) The Motion to Dismiss Home Federal Bancorp, Inc. (Docket No. 4) is denied;

2) Defendants' Motion to Strike Jury Demand and Certain Prayers for Relief in the Complaint (Docket No. 8) is granted in part and denied in part as fully explained herein;

3) Plaintiff's Motion to Strike the Affidavit of Merrily Munther (Docket No. 29) is denied;

4) Plaintiff's Motion to Strike the Affidavit of Len Williams (Docket No. 31) is denied;

5) Defendant Home Federal Bancorp, Inc.'s Motion for Enlargement of Time to file the Affidavit (Docket No. 32) is granted; and

6) Plaintiff's Motion to Strike portions of the Memorandum in Opposition (Docket No. 34) is denied as moot.

DATED: January 14, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge