IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| LESLIE A. JONES, | |
|---|---|
| Plaintiff, | Case No. CV09-336-CWD |
| vs. | MEMORANDUM DECISION AND ORDER |
| HOME FEDERAL BANK and HOME FEDERAL BANCORP, INC., a Maryland Corporation, | |
| Defendants. | |

Currently pending before the Court are two motions filed by Defendants Home Federal Bank and Home Federal Bancorp, Inc. ("Defendants") - Defendants' Motion to Strike Plaintiff's Second Claim for Relief in the Complaint (Pendent State Claim) (Docket No. 42) and Defendants' Motion for Leave to Serve Additional Discovery (Docket No. 41). Following oral argument on the motions on March 15, 2010, the Court took both matters under advisement. Having been fully advised by the record and the arguments of counsel, the Court will deny the motion to strike and deny the motion for leave to serve additional discovery, without prejudice, as more fully described below.

**I.**

MEMORANDUM DECISION AND ORDER - 1

**Introduction**

Plaintiff Leslie Jones was hired by Home Federal Bank as a Compliance Officer. She was terminated from her employment on November 1, 2007, after working for Home Federal Bank for ten weeks. Plaintiff alleges that Home Federal Bank terminated her employment because she had objected to, opposed and provided information to executive officers of Home Federal Bank about conduct she reasonably believed constituted violations of rules and regulations of the U.S. Securities and Exchange Commission and other provisions of federal and state law relating to fraud against shareholders.

Based on the foregoing, Plaintiff's Complaint alleges two causes of action. First, Plaintiff alleges that the termination of her employment constituted retaliation in violation of the whistleblower provision of the Sarbanes-Oxley Act of 2002 ("SOX"). Her second claim is a pendent state claim alleging an exception to the employment at will rule, more specifically contending she was discharged from her employment in violation of public policy and in retaliation for engaging in conduct supported and protected under SOX, the Securities and Exchange Act and other state and federal securities and shareholder protection laws, rules and regulations. (Complaint para. 23, Docket No. 1.) Defendants' Motion to Strike relates to the pendent state claim.

**A.    Motion to Strike**

In their motion to strike, Defendants contend that Plaintiff's state law wrongful termination in violation of public policy claim must be stricken, because the relevant public policy Plaintiff claims was violated by her discharge is contained in a statute, namely SOX, and the statute provides a remedy. In support of their contention, Defendants rely almost exclusively

upon a recent Idaho Supreme Court decision in *Van v. Portneuf Medical Center*, 147 Idaho 552 (2009). Plaintiff responds by attempting to distinguish *Van* from the current situation, emphasizing that SOX is a federal statute comparable to other federal statutes such as Title VII where alternative theories of recovery may be alleged, and by arguing that Plaintiff is not relying exclusively upon SOX for articulation of the public policy she claims was violated by her discharge. Further, Plaintiff argues that her procedural right to trial by jury on the state law claim for wrongful discharge would be abrogated in full if the state cause of action is stricken from her Complaint. The Court will address these arguments below.

First, the Court notes that Idaho law has long recognized a claim for wrongful termination in violation of public policy. Generally, an employer may discharge an at will employee at any time for any reason without incurring liability. *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 240 (2005). However, the right to discharge an at will employee is limited by public policy considerations. *Van v. Portneuf Medical Center*, 147 Idaho 552 (2009), citing *Mallonee v. State*, 130 Idaho 615, 621 (2004). The determination of what constitutes public policy sufficient to protect an at will employee from termination is a question of law. *Id*. Once the Court defines the public policy, the question of whether the public policy was violated is one for the jury. *Smith v. Mitton*, 140 Idaho 893, 900 (2004). However, where a state statute provides remedies for violation of the same public policy, the state common law cause of action no longer is available. *Van v. Portneuf Medical Center*, 147 Idaho at 561.

In *Van v. Portneuf Medical Center*, Van brought a lawsuit based upon his termination of employment from Portneuf Medical Center, claiming violations of the Idaho Whistleblower Act, and breach of his employment contract and of the implied covenant of good faith and fair

dealing. The Idaho Supreme Court found issues of material fact existed relating to Van's Idaho Whistleblower Act claim and reversed the district court's grant of summary judgment. Van argued that, in addition to giving rise to his Idaho Whistleblower Act claim, termination of employment in violation of the Idaho Whistleblower Act also gave rise to a wrongful termination in violation of public policy claim with the public policy established by the Whistleblower Act. However, the Idaho Supreme Court held that his wrongful termination in violation of public policy claim could not proceed, reasoning that: "[c]learly, the Act itself authorizes specific remedies, and therefore its provisions cannot also be used to establish the public policy upon which a breach of at-will employment contract claim is based. To hold otherwise would allow plaintiffs to recover twice for the same underlying facts."[1] *Van*, 147 Idaho at 561.

Plaintiff argues that, because *Van* involves a state statute adopted by the Idaho Legislature, it is inapplicable to the current situation.[2] The Court agrees that the *Van* decision is not specifically on point as the Idaho Whistleblower Act relates only to employees of government employers and the Act does not provide the public policy upon which Plaintiff bases her claims. The Idaho Whistleblower Act, codified in Idaho Code § 6-2101, et seq., although similar to SOX, provides a statutory cause of action for public employees who experience

---

[1] In support of this conclusion, the Idaho Supreme Court also relied upon a treatise which provides that when "the relevant public policy is contained in a statute and the statute provides a remedy, the [common law cause of action] of wrongful discharge is not available." 82 AM.JUR. 2d Wrongful Discharge §62 (2010).

[2] Plaintiff argues that this situation is more akin to Title VII where pendent state law claims are allowed. It is well established that Title VII does not preempt state common law remedies. *Bernstein v. Aetna Life & Casualty*, 843 F.2d 359, 364-365 (9th Cir. 1988) (citing *Cancellier v. Federated Dep't Stores* 672 F.2d 1312, 1318 (9th Cir. 1982)); 42 U.S.C. §2000e-7.

adverse action from their government employer[3] as the result of reporting waste of public funds, property or manpower or violation of a law, rule or regulation. As stated by the Idaho Supreme Court, "when the Legislature enacted the Whistleblower Act, the resulting statutory cause of action *displaced* the common law cause of action for breach of an at-will employment contract premised on the protected activities outlined in the Act." *Van,* 147 Idaho at 561 (emphasis added).

By analogy to the *Van* decision, Defendants ask the Court to rule that SOX, to the extent it constitutes the public policy sufficient to protect Plaintiff from retaliation or discharge from employment for engaging in protected activities, displaces Plaintiff's state common law cause of action for wrongful discharge. Despite Defendants' claim that they are not seeking preemption of Plaintiff's state claim for relief by the federal SOX whistleblower claim, the end result of granting Defendants' Motion to Strike would be the same as preemption and, most pertinent to the Court's decision to deny the motion, would contradict the clear intent of SOX not to preempt or diminish the rights, privileges or remedies under state law. Specifically SOX provides: "nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law or under any collective bargaining agreement." 18 U.S.C. § 1514 A(d).[4]

---

[3] Van's employer was a municipality operated hospital.

[4] The Court notes this conclusion is consistent with an unpublished decision by the District of Oregon finding that SOX does not preempt an Oregon state law cause of action for wrongful discharge in violation of public policy. Specifically, the District Judge held that because SOX clearly did not intend to abrogate or supersede common law remedies, preemption was inappropriate. *Willis v. Comcast of Oregon II, Inc.*, 2007 WL 3170987 (D. Oregon October 25, 2007).

MEMORANDUM DECISION AND ORDER - 5

Plaintiff further contends that striking the wrongful discharge in violation of public policy claim would deny her state constitutional right to a trial by jury, thereby diminishing her "rights, privileges, or remedies" under state law. In reply to Plaintiff's argument, Defendants contend, without supporting case law or clear statutory language, that a jury trial is not available for claims under Idaho's Whistleblower Act, and therefore the *Van* case also resolves this issue. To the contrary, the Idaho Supreme Court has noted that issues of fact in actions under the Idaho Whistleblower Act are to be resolved by a jury. *See Van*, 147 Idaho 561 *citing Smith*, 140 Idaho 900; *see also Curlee v. Kootenai County Fire & Rescue*, 2008 WL 4595239 (Idaho Oct. 16, 2008). Defendants do not dispute that a jury trial is available under Idaho's common law cause of action for wrongful discharge. Therefore, the Court finds that granting the motion to strike would deny Plaintiff's constitutional right to trial by jury on the state law claim. Further, the Court finds that this would violate SOX's specific language as outlined above.

Integral to their motion to strike, Defendants also ask the Court to find that SOX encompasses or incorporates the totality of the public policy that protects Plaintiff from termination from employment under the facts presented in this case. In response, Plaintiff contends other public policies exist that were violated by Plaintiff's termination, such as those articulated in other federal statutes or state law. The Complaint alleges "a wrongful termination in violation of public policy to discharge an employee in retaliation for engaging in the conduct described above under Sarbanes Oxley Act, the Securities & Exchange Act and other State and Federal Securities and Shareholder Protection Laws, Rules and Regulations." (Complaint ¶ 23, Docket No. 1). No matter how this allegation is read, Defendants may be correct in that the public policy is all the same, such that employees who discovery and report violations of securities and shareholder protection laws should be protected from retaliation for engaging in

those activities. However, it would be premature for the Court, without presentation and consideration of evidence, that SOX is the exclusive articulation of the public policy that supports Plaintiff's second cause of action.

Finally, the Court has not ignored Defendants' argument that Plaintiff should not be allowed two bites of the apple, or to recover twice for the same underlying facts and circumstances. Although the remedies available to Plaintiff under her SOX claim are similar to the contract damages available under the second claim for relief, Plaintiff argues that the SOX remedies in fact may be broader. The Court previously addressed the remedies available to Plaintiff under her SOX claim in its earlier Order on Defendants' Motion to Strike Jury Demand & Certain Prayers for Relief (Docket No. 38). Until the Court considers Plaintiff's evidence regarding the various categories of remedies and/or damages available under her two causes of action, it is premature for the Court to rule further regarding which damages, if any, Plaintiff may request at the time of trial. However, the Court will state that jury instructions and other procedures are available to the Court to eliminate any duplicative recovery for Plaintiff if she proceeds to trial on both causes of action.

Based on the foregoing, the Court finds that Defendants' Motion to Strike must be denied.

**B.    Motion for Discovery**

Defendants also filed a Motion to Allow Additional Discovery pursuant to Fed. R. Civ. P. 33(a) (Docket No. 41), on the basis that Plaintiff had refused to answer interrogatories promulgated by Defendants in their First and Second Set of Interrogatories. Defendants served their First Set of Interrogatories on August 3, 2009. (Munther Aff. ¶ 2, Docket No. 41-1). Although Plaintiff answered Interrogatory Nos. 1 through 7 and their subparts in detail, Plaintiff

declined to answer Interrogatory No. 8 and several subsequent interrogatories on the grounds that the interrogatories, including subparts, numbered more than 25 and Defendants had not received leave from the court or Plaintiff's stipulation to serve more than 25. (Munther Aff. ¶ 2, Exh. A, Docket No. 41-1). Specifically, by Plaintiff's Count, Defendants' First Set of Interrogatories numbered 59. (Response, Docket No. 46). Defendants served their Second Set of Interrogatories on October 13, 2009. (Munther Aff. ¶ 3, Docket No. 41-1). Plaintiff refused to respond to these two additional interrogatories on the same grounds. (Munther Aff. Ex. B, Docket No. 41-1). The Court ordered the parties to meet and confer in an attempt to resolve the dispute. However, based on the individual reports filed thereafter by each party, the parties were unable to resolve their differences, despite some progress with Plaintiff offering to answer five additional interrogatories, without the Court's ruling.

The Court is not inclined to order Plaintiff to respond to all of the interrogatories propounded by Defendants because, upon review, they are numerous, complicated, and some, as the Defendants admitted at oral argument, are "catch all" interrogatories and unnecessary. Neither is the Court inclined to deny Defendants' motion in its entirety. Further, the Court is unwilling to rewrite Defendants' interrogatories or pick and choose those interrogatories that are reasonable and most pertinent to the case. Therefore, the parties are ordered to meet and confer, in person, a second time to attempt to reach a mutually agreeable resolution. The parties shall meet and confer on or before March 29, 2010. Prior to the meet and confer, Defendants shall identify the following for discussion with Plaintiff during the meet and confer: 1) the interrogatories Defendants consider the most important for obtaining information from Plaintiff in lieu of or in advance of other discovery such as depositions; 2) the interrogatories or subparts of interrogatories that are duplicative of Initial Disclosures or other discovery already conducted

or that are unnecessary, such as Interrogatory No. 17, identified during the hearing by Defendants' counsel as unnecessary; and 3) interrogatories partially answered by Plaintiff, if any, for which Defendants are not requesting any further answer. Within 5 days after the meet and confer, the parties, either jointly or separately, shall file a report identifying any outstanding issues necessitating a ruling from the Court.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that:

1) Defendants' Motion to Strike (Docket No. 42) is denied.

2) Defendants' Motion for Leave to Serve Additional Discovery (Docket No. 41) is denied without prejudice.

DATED: March 17, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge